**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 3:20-CR-00086-TJC-JBT-8 |
| v. | ) | |
| | ) | |
| JORGE PEREZ, *ET AL.* | ) | |

**DEFENDANT NEISHA ZAFFUTO'S BRIEF IN SUPPORT OF
MOTION FOR JUDGMENT OF ACQUITTAL**

Ms. NEISHA ZAFFUTO, pursuant to Fed. R. Crim. P. Rule 29 and this

Court's Order (ECF No. 800), respectfully submits this brief in support of her

*ore tenus* motion for judgment of acquittal, which she made at the close of the

Government's case-in-chief (Min. Entry, ECF No. 733).

**I.   Procedural History**

The jury trial in this case commenced on May 9, 2022. (Min. Entry, ECF

No. 681.)

At the close of the Government's case-in-chief, Ms. Zaffuto made an *ore*

*tenus* motion for judgment of acquittal, arguing, *inter alia*, that the

Government presented insufficient evidence to prove venue for the

substantive money laundering count (Count 23) against her. Trial Tr. Vol. XVI,

81. This Court deferred it ruling on that motion until after the trial. *Id*. at 74.

On June 27, 2022, this Court declared a mistrial regarding Ms. Zaffuto,

based on the jury's inability to reach a unanimous verdict on any of the counts

of the Superseding Indictment in which she is charged. (Min. Entry, ECF No. 766.)

On July 4, 2022, Ms. Zaffuto filed a Motion to Extend Time to Submit Brief in Support of Motion for Judgment of Acquittal (ECF No. 789). This Court granted that motion, allowing Ms. Zaffuto to submit this brief by July 27, 2022. (Order, ECF No. 800.)

## II. Argument

### a. Legal Standard

Fed. R. Crim. P. 29(c)(2) states that "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal. If the jury has failed to return a verdict, the court may enter a judgment of acquittal." *Id*. A Court may grant a motion for judgment of acquittal even after a mistrial is declared. *United States v. Ramirez*, 2013 WL 944873 (M.D. Fla., Mar. 12, 2013), citing *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 575 (1977).

A motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29 "is a direct challenge to the sufficiency of the evidence presented against the defendant." *United States v. Aibejeris*, 28 F.3d 97, 98 (11th Cir. 1994); *see also United States v. Ward*, 197 F.3d 1076, 1079 (11th Cir. 1999) ("[i]n considering a motion for the entry of judgment of acquittal under [Fed. R. Crim. P. 29(c)], a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction"). The sufficiency of the evidence standard governs a motion for judgment of acquittal whether the

jury has convicted the defendant or whether the court has declared a mistrial because the jury was unable to reach a verdict. *United States v. Nimapoo*, 2008 WL 11384038 at *1 (N.D. Ga. Apr. 11, 2008).

A defendant's motion for judgment of acquittal should be granted if the Court finds that "the evidence is insufficient to sustain a conviction." Fed. R. Crim. P. 29(a). Thus, the Court "must determine whether a reasonable jury could have found the defendant guilty beyond a reasonable doubt." *United States v. Mercer*, 541 F.3d 1070, 1074 (11th Cir. 2008), citing *Ward*, 197 F.3d at 1079. In reviewing a sufficiency of the evidence challenge, the trial court must consider the evidence in the light most favorable to the Government, drawing in its favor all reasonable inferences and credibility choices. *United States v. Davis*, 586 F. App'x 534, 538 (11th Cir. 2014).

This Court should acquit Ms. Zaffuto if it finds that "the jury could not have found [her] guilty under any reasonable construction of the evidence." *United States v. Robles*, 283 F. App'x 726, 735 (11th Cir. 2008), quoting *United States v. Chastain*, 198 F.3d 1338, 1351 (11th Cir. 1999). *See also Candler v. United States*, 146 F.2d 424, 426 (5th Cir. 1944)(acquittal is warranted if "[t]he evidence is as consistent with innocence as with guilt").

## b. The Government Failed to Prove Venue for Count 23.

"It is by now well-settled that venue is an essential element of the government's proof at trial." *United States v. Snipes*, 611 F.3d 855, 865 (11th Cir. 2010). "[Q]uestions of venue . . . are not to be taken lightly or treated as mere

technicalities . . . ." *Id.*, quoting *United States v. White*, 611 F.2d 531, 534 (5th Cir. 1980). "The Constitution, the Sixth Amendment, and Rule 18 of the Federal Rules of Criminal Procedure guarantee defendants the right to be tried in the district in which the crime was committed." *United States v. Breitweiser*, 357 F.3d 1249, 1253 (11th Cir. 2004).

18 U.S.C. § 1956(i) prescribes the venue requirements for money laundering offenses as follows:

> (1) Except as provided in paragraph (2), a prosecution for an offense under this section or section 1957 may be brought in--
>
>> (A) any district in which the financial or monetary transaction is conducted; or
>>
>> (B) any district where a prosecution for the underlying specified unlawful activity could be brought, if the defendant participated in the transfer of the proceeds of the specified unlawful activity from that district to the district where the financial or monetary transaction is conducted.

18 U.S.C. § 1956(i)(1).

18 U.S.C. § 1956(c) defines the terms "conducts" and "transaction" as follows:

> (2) the term "conducts" includes initiating, concluding, or participating in initiating, or concluding a transaction;
>
> (3) the term "transaction" includes a purchase, sale, loan, pledge, gift, transfer, delivery, or other disposition, and with respect to a financial institution includes a deposit, withdrawal, transfer between accounts, exchange of currency, loan, extension of credit, purchase or sale of any stock, bond, certificate of deposit, or other monetary instrument, use of a safe deposit box, or any other payment, transfer, or delivery by, through, or to a financial institution, by whatever means effected;

18 U.S.C. § 1956(c)(2)-(c)(3).

Ms. Zaffuto submits that an acquittal on Count 23 is warranted because the Government failed to prove venue in the Middle District of Florida under either 18 U.S.C. § 1956(i)(1)(A) or 18 U.S.C. § 1956(i)(1)(B).

### 1. 18 U.S.C. § 1956(i)(1)(A)

Count 23 charges Mr. Aaron Durall and Ms. Zaffuto with substantive money laundering based on the allegations that on December 7, 2017, $1,715,283 was transferred from "BB&T Bank account ending in 4396, in the name of Durall Capital Holdings LLC to JPMorgan Chase account ending in 2011 in the name of KTL Labs, LLC." Superseding Indict., ECF No. 180 at 28.

At trial, Ms. Kimberly Henderson, an FBI financial analyst, testified that the money transfer at issue in Count 23 was conducted via a handwritten physical check, as opposed to a wire transfer. Trial Tr. Vol. XV, 294; Vol. XVI, 23. The check was issued by Durall Capital Holdings LLC (the former name of DL Investment Holdings, LLC) and made payable to KTL Labs, LLC. Trial Tr. Vol. XV, 294-295. She also identified KTL Labs, LLC's Chase bank account into which the money eventually went. *Id*.

Mr. Kyle Marcotte, the sole member of KTL Labs, LLC, was a resident of Atlantic Beach, Florida, which is located in the Middle District of Florida. Superseding Indict., ECF No. 180, 4; Trial Tr. Vol. IX, 310. He testified at trial that KTL Labs, LLC's primary place of business was in Jacksonville, Florida, which also is located in the Middle District of Florida. Trial Tr. Vol. IX, 310.

Although Mr. Marcotte testified about the money laundering conspiracy, he did not testify about any of the specifics of the transaction in Count 23. *See generally*, Trial Tr. Vol. IX, 271-323. Indeed, Mr. Marcotte pleaded guilty to a money laundering conspiracy by way of an information; he did not plead guilty to any substantive money laundering charge. *Id.*, 283.

The issuer of the check, Durall Capital Holdings, LLC, was owned and controlled by Mr. Durall. Superseding Indict., ECF No. 180 at 2. Mr. Durall is a resident of Parkland, Florida, which is located in the Southern District of Florida. *Id.* Durall Capital Holdings, LLC's principal place of business is in Sunrise, Florida, which also is located in the Southern District of Florida.

Considering the aforementioned limited information concerning the check, the issuer, and the recipient, Ms. Zaffuto submits that the Government failed to prove that venue for Count 23 was proper in the Middle District of Florida because it offered no evidence showing that "the financial or monetary transaction [was] conducted" in this district. 18 U.S.C. § 1956(i)(1)(A).

In *United States v. Cabrales*, 118 S.Ct. 1772 (1998), the Supreme Court affirmed the dismissal of money laundering charges based on improper venue. The underlying illegal activity in that case, the sale of drugs, took place in Missouri. *Id.*, 1774. However, the actual laundering of the sale's proceeds with which the defendant was charged, took place in Florida because the defendant deposited and withdrew money from a bank in Florida. *Id.* The Supreme Court held that venue was not proper in Missouri when the

6

transactions with which the defendant was charged began, continued, and were completed in Florida. *Id.*, 1777. In so holding, the Court rejected the Government's argument that venue is appropriate for money laundering absent evidence of transportation of funds. *Id.*, 1776.

Following *Cabrales*, *supra*, federal courts have vacated substantive money laundering convictions or dismissed those charges based on improper venue in multiple cases. *See e.g., United States v. Stewart*, 256 F.3d 231 (4th Cir. 2001)(substantive money laundering convictions vacated because evidence was insufficient to establish venue for money laundering in Virginia where the defendant handled money only in California and was not responsible for or charged with the transportation of the money from Virginia to California); *United States v. Osuji*, 413 Fed. App'x. 603 (4th Cir. 2011)(district court's error in not instructing jury on venue was not harmless, where government showed that defendant handled money only in Texas, but did not prove that he transferred any funds into the district where the trial took place); *United States v. King*, 259 F. Supp. 3d 1267 (M.D. Okla. 2014)(granting motion to dismiss substantive money laundering counts for lack of venue).

Similarly, in this case, the Government offered no evidence showing that the transaction was "conducted," "initiated," or "concluded" in the Middle District of Florida, as required by law. 18 U.S.C. § 1956(c)(2) & (i)(1). Neither Ms. Henderson nor Mr. Marcotte testified concerning who wrote the check, where the check was written, how the check was sent to KTL Labs,

LLC, or its representative, who received the check, who deposited the check, or where and through which bank branch the check was deposited into KTL Labs, LLC's Chase account. *See generally*, Trial Tr. Vol. IX, 271-323; Vol. XV, 223-333; Vol. XVI, 11-74. Simply put, the Government failed to produce any evidence regarding where the transaction in Count 23 was conducted or its connection to the Middle District of Florida.

Both the issuer of the check, Durall Capital Holdings, LLC, and its owner, Mr. Durall, are located and reside, respectively, in the Southern District of Florida. The Government produced no evidence to show that the check was sent from—or written in—the Middle District of Florida. Furthermore, Mr. Marcotte was living at various, unknown times in Jacksonville, Florida; Manhattan, New York; and at an undetermined location in California during the pendency of the alleged conspiracies in this case. Trial Tr. Vol. IX, 271, 276-279. Moreover, although the recipient of the funds, KTL Labs, LLC, has its principal place of business in the Middle District of Florida, that fact, alone, cannot satisfy the statutory venue requirement. 18 U.S.C. § 1956(i)(1)(A) prescribes venue in the district in which the financial transaction is conducted; it does not prescribe venue in any district in which an entity's principal place of business is located—there is no equivalent of the "minimum contacts" test that is applicable in civil cases to criminal cases involving money laundering charges.

Ms. Henderson unequivocally admitted at trial that she did not know the aforementioned information that is necessary to establish venue for Count 23. On cross examination, she testified regarding the transaction in Count 23 as follows:

> Q.   So do you know how this particular check was delivered to Mr. Marcotte?
>
> A.   No, I don't.
>
> \* \* \*
>
> Q.   And this is the deposit of that check into a bank account—a JPMorgan Chase account, right?
>
> A.   Yes.
>
> Q.   Okay. We've already heard this, but do you know if Mr. Marcotte was in New York in December of 2017?
>
> A.   I—off the top of my head, no, I don't remember.
>
> Q.   Do you know if he was in California?
>
> A.   No.
>
> Q.   Do you know if JPMorgan Chase has bank branches in New York?
>
> A.   I am assuming they do. They're headquartered there.
>
> Q.   Do you know if JPMorgan has branches in California?
>
> A.   I'm—they're a large bank. I assume they do, yes.
>
> Q.   And there's nothing on this document that says that this check was deposited in Jacksonville, correct?
>
> A.   Not on this, no.

Trial Tr. Vol. XVI, 23–24.

Therefore, the evidence is insufficient to prove venue in the Middle District of Florida for Count 23.

This remains the situation regardless of whether KTL Labs, LLC, banked with a Chase branch in the Middle District of Florida. According to Chase policy, a physical check could be deposited at any bank branch, via an ATM, online, or through a mobile app. *See* Chase, *How transactions post*, available at https://www.chase.com/personal/checking/overdraft-services/ how-transactions-post ; Chase, *How to deposit a check online*, available at https://www.chase.com/personal/banking/education/basics/how-to-deposit-a-check-online. Thus, the deposit of the check at issue, which falls within the definition of the term "transaction" pursuant to 18 U.S.C. § 1956(c) (3), could have occurred anywhere, regardless of the location of the Chase branch where the recipient's account was opened. Considering Mr. Marcotte's transitory habitation among Florida, New York, and California during the time relevant to this issue, the Government's evidence was wholly insufficient to establish that the depositing of the check occurred in the Middle District of Florida.

### 2.  18 U.S.C. § 1956(i)(1)(B)

Ms. Zaffuto, pursuant to 18 U.S.C. § 1956(i)(1)(B), submits that the evidence in the Government's case-in-chief is equally insufficient to establish venue in the Middle District of Florida on Count 23.

18 U.S.C. § 1956(i)(1)(B) authorizes the Government to prosecute a money laundering offense in "any district where a prosecution for the underlying specified unlawful activity could be brought" only if "the

defendant participated in the transfer of the proceeds of the specified

unlawful activity from that district to the district where the financial or

monetary transaction is conducted . . . ." *Id.* As one district court reasoned,

> [t]he fair and logical upshot of this provision is that a substantive
> money laundering defendant exposes himself to prosecution in
> some far away district *only if he creates a nexus* with that district by
> "participat[ing] in the transfer of the" tainted proceeds out of that
> district. And it is important [] to bear in mind that the defendant's
> activities, if any, that created the taint in the first place must not
> be confused with—or equated with—defendant's participation in
> the transfer of the tainted funds [because] [t]he laundering and
> the underlying offense are separate offenses.

*United States v. King*, 259 F. Supp. 3d 1267, 1283 (M.D. Ok. 2014) (emphasis

added).

Therefore, the proper venue, pursuant to 18 U.S.C. § 1956(i)(1)(B),

depends on (1) whether the defendant participated in the transfer of the

laundered proceeds from the sending district to the receiving district, and (2)

whether the proceeds of specified unlawful activity were transferred from the

venue district (the sending district) to the district where the laundering

transaction was conducted (the receiving district).

In this case, 18 U.S.C. § 1956(i)(1)(B) would authorize the Government

to prosecute Ms. Zaffuto in the Middle District of Florida only if (1) she

participated in the transfer of the laundered proceeds; and, (2) the tainted

proceeds were transferred from the venue district (the Middle District of

Florida) to the receiving district.

However, neither of those prerequisites is supported by the Government's evidence in its case-in-chief at trial: neither Mr. Marcotte nor Ms. Henderson testified that Ms. Zaffuto participated in the writing, issuing, mailing, delivering, receiving or depositing of the check. Thus, the Government did not satisfy the statute's "participation" requirement. This fact remains regardless of any argument that the Government may advance based on Ms. Zaffuto's purported participation in the charged conspiracies or the uncharged, underlying health care fraud and wire fraud offenses because the substantive money laundering count is a separate and distinct offense, as a matter of law. *See United States v. Nolan*, 223 F.3d 1311, 1315 (11th Cir. 2000) (money laundering is an offense to be punished separately from the underlying criminal offense).

The Government further failed to prove that the proceeds of specified unlawful activity were transferred from the district in which in which the Government alleges venue, the Middle District of Florida. Neither Mr. Marcotte nor Mr. Henderson testified concerning who wrote or initiated the check; where the check was written or initiated; or from where the check was sent, or by what means. Absent such evidence, it is impossible for the Government to meet the statutes "sending district" requirement. This fact remains, based on the reasons stated, even if, assuming *arguendo*, that a prosecution for the alleged underlying specified unlawful activity could have been brought in the Southern District of Florida.

Therefore, the Government has failed to prove that venue for Count 23 is proper in the Middle District of Florida pursuant to 18 U.S.C. § 1956(i)(1)(B).

## III.  Conclusion

Ms. Zaffuto, based on the foregoing assertions and argument, prays that this Court acquit her on Count 23 of the Superseding Indictment.

Date:  July 27, 2022

Respectfully submitted,

*s/ Joshua Sabert Lowther, Esq.*
Joshua Sabert Lowther, Esq.
Ga. Bar # 460398
jlowther@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052
www.lowtherwalker.com

*s/ David Haas, Esq.*
David Haas, Esq.
Fla. Bar # 0494674
david@haaslawpllc.com

Haas Law, PLLC
201 S Orange Ave., Ste. 1017
Orlando, FL 32801
407.755.7675
www.haaslawpllc.com

Attorneys for Defendant
Neisha Zaffuto

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF FLORIDA
### JACKSONVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | 3:20-CR-00086-TJC-JBT-8 |
| v. | ) | |
| | ) | |
| JORGE PEREZ, *ET AL.* | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2022, I electronically filed the

foregoing DEFENDANT NEISHA ZAFFUTO'S BRIEF IN SUPPORT OF

MOTION FOR JUDGMENT OF ACQUITTAL with the Clerk of the United

States District Court for the Middle District of Florida by way of the CM/ECF

system, which automatically will serve this document on the attorneys of

record for the parties in this case by electronic mail.

Date:        July 27, 2022

Respectfully submitted,

*s/ Joshua Sabert Lowther, Esq.*
Joshua Sabert Lowther, Esq.
Ga. Bar # 460398
jlowther@lowtherwalker.com

Lowther | Walker LLC
101 Marietta St., NW, Ste. 3325
Atlanta, GA 30303
404.496.4052
www.lowtherwalker.com